UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMOTHY HINDS and TIARA JONES,

    Plaintiffs,

v.                                                                            Case No:   6:18-cv-532-Orl-40TBS

SKYLER SAUNDERS and THE
DEPARTMENT OF CHILDREN AND
FAMILIES,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff Timothy Hinds' Motion for Permission to Appeal *In Forma Pauperis* (Doc. 56). For the following reasons, I respectfully recommend that the motion be **denied**.

### Background

On April 6, 2018, Plaintiffs Timothy Hinds and Tiara Jones filed this pro se lawsuit against Defendant, Child Protective Services, and its investigator, Skyler Saunders, for various civil rights violations (Doc. 1). Plaintiffs' complaint stemmed from some action taken by Defendants to remove their children from their custody (Doc. 1 at 4). Plaintiffs alleged that Defendant Saunders interviewed their minor children without parental consent and ultimately removed some of the children from Plaintiffs' home and removed others from their great grandmother's home (Id.). Plaintiffs claim that Defendants' actions violated 42 U.S.C. § 1983 and the 4th and 14th Amendments (Id. at 3-5). As a result, Plaintiffs claim they have suffered,

> Trauma[,] shock[,] upheaval, distress, torture, angst dolor [sic] trouble[,] nightmare[,] hell[,] upset[,] tribulation[,] anxiety[,] worry[,] Heebie Jeebies[,] great ordeal difficultys [sic] missing

> our newborn is just horrible[,]unaccounted for pain along with
> other siblings. Time we will never get back. [A]lso one of our
> eldest daughter ... received a laceration to the head, which is
> a sign of abuse and neglect while in there [sic] care.

(Id.). Plaintiffs sought "six hundred and forty thousand dollars for every month that [they] live in this hell of a misery caused by Child Protective Services." (Doc. 1 at 5); see also (Doc. 5 at 5; Doc. 31 at 5).

On April 13, 2018, I carried Plaintiffs' motion to proceed *in forma pauperis* and granted them leave to amend their complaint (Doc. 4). They filed an amended complaint (Doc. 5) and three days later, I granted their request to proceed in this matter without paying the filing fee or other court costs (Doc. 6). A return of service filed with the Court on May 11, 2018 states that CPS was served on May 9. 2018 and that the summons and complaint were entrusted to Mr. Toby Wells, a paralegal (Doc. 15). CPS moved to quash service of process and dismiss the case (Doc. 17). On June 5, 2018, I entered a report and recommendation that the motion be granted (Doc. 29). Instead of filing objections to the report and recommendation, Plaintiffs amended their complaint a second time (Doc. 31). The district judge denied as moot the R&R and underlying motion (Doc. 33). The Court entered a Case Management and Scheduling Order and set the case for a settlement conference before a United States magistrate judge (Docs. 47, 50). Then, on August 2, 2018, the district judge granted Defendants' motions to dismiss and closed the case (Doc. 53). On August 17, 2018, Plaintiffs notified the Court of their intent to appeal (Doc. 55). Now, Plaintiff Hinds has asked the Court to allow him to pursue his appeal without the prepayment of costs or fees (Tr. 56).

## Discussion

Title 28 of the United States Code, Section 1915 governs *in forma pauperis* motions filed in federal court. The statute provides in part that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

A party's ability to file an appeal without paying court fees is limited by the statutory provision which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). The law "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"Good faith is demonstrated where an appeal seeks appellate review of any issue not frivolous." Schmitt v. U.S. Office of Pers. Mgmt., No: 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)); Howard v. King, 707 F.2d 215, 220-21 (5th Cir. 1983). A frivolous case is one "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Sun, 939 F.2d at 925 (inner quotations and citations omitted); see also Bell v. HCR Manor Care Facility of Winter Park, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849, at *2 (M.D. Fla. Aug. 24, 2010). In other words, a lawsuit is frivolous if "'the

plaintiff's realistic chances of ultimate success are slight.'" Cooley v. Ocwen Loan Svc., LLC, 729 F. App'x 677, 680-681 (11th Cir. 2018).

On the merits, I see no basis for a good faith appeal of this case. As the district judge noted in his dismissal Order:

> [The state court] Order on Dependency Trial in the Ninth Judicial Circuit, Orange County Case number DP18-14, entered June 15, 2018 (Doc. 45-1) [and the] Order as to Shelter, dated January 20, 2018 (Doc. 45-2) . . . establish the existence of a state court proceeding whereby a state court adjudicated all the minor children dependent on the State, and where the state found probable cause for the children to be sheltered by the state. The Court takes judicial notice of these documents, which are attached to DCF's Motion to Dismiss.
>
> The claims raised in Plaintiffs' Amended Complaint are inextricable intertwined with the state court proceedings documented in the state court orders. (Docs. 45-1, 45-2). Those claims contend that the minor children were taken from Plaintiffs' care without court order or warrant. This contention attacks the core of the state court's judgments, because the state court found probable cause to remove the children from the custody of Plaintiffs. Thus, Plaintiffs' claims in this case succeed only "to the extent that that state court wrongly decided" the custody proceedings. Siegel, 234 F.3d at 1172. Accordingly, the Rooker-Feldman doctrine deprives this Court of the jurisdiction to grant the relief requested by Plaintiffs in their Amended Complaint.

(Doc. 53 at 3-4). Plaintiff Hinds has not alleged an alternate basis for recovery on appeal and has not specifically alleged in what way the district court's analysis was erroneous. He simply states that, "A substantial and /Important question of law, policy, or discretion Is Involved; or A prejudicial procedure/error Has occurred." (Tr. 56). This statement is insufficient to put this Court or the Court of Appeals on notice of what Plaintiff Hinds complains of on appeal. Therefore, I find that this appeal lacks any arguable merit and the motion should be denied for its failure to state a claim upon which relief can be granted. See Davis v. U.S., No. 3:07cv167/MCR/MD, 2007 WL 1812501, at *1 (N.D. Fla. June 22, 2007) (citing 28 U.S.C. § 1915(e)(2)(iii)).

### Recommendation

Now, I **RESPECTFULLY RECOMMEND** that the Court certify that Plaintiff Hinds' appeal is not taken in good faith and **DENY** his motion to proceed *in forma pauperis* (Doc. 56).

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Plaintiff